Appellate Term, First Department, December, 1922. [Vol. 119

Plaintiff's contention that the brokers were acting as the agent of the insured in connection with the payment of the premiums is not supported by the evidence. The proof establishes convincingly that during the entire course of dealings between plaintiff and defendant premiums were paid to a broker clothed with apparent authority to make collections on behalf of the plaintiff. The premiums sued for were paid by the defendant to said broker following the usual course of dealings between the parties.

The defense of payment having been fully established, judgment should have been rendered in favor of the defendant.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of the defendant, with costs.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed.

---

JACOB W. PORTER, Respondent, *v.* NINTH AVENUE RAILROAD COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Trial — prejudicial remarks of court in censoring attorney.**

During a jury trial after the judge had severely reprimanded defendant's counsel for insolence and directed him to take his seat and behave, the judge remarked: " I have had some experience with you before," and upon repeating the remark added, " Unless you are more circumspect about your conduct something worse than a refusal to withdraw a juror will happen to you." *Held*, that regardless of the merits of the case which presented the question for the jury the interests of the defendant were prejudiced to such an extent as to require a new trial.

Judgment in favor of plaintiff entered upon the verdict of the jury reversed and new trial ordered.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of plaintiff, entered upon the verdict of a jury.

*Michel Kirtland* (*William J. Curtin*, of counsel), for appellant.

*Louis Tyroler*, for respondent.

*Per Curiam.* This was an action to recover for damages to plaintiff's automobile resulting from a collision with one of defendant's trolley cars.

In the midst of the trial an unfortunate colloquy occurred between the court and defendant's counsel in which counsel was severely reprimanded for insolence and directed to take his seat and to behave himself. It is urged that there was no justification for these directions, but while the record contains nothing preceding this

passage which explains its occurrence, it is quite immaterial, so far as the trial is concerned, whether the reprimand was justified or not. The learned judge below, however, remarked further: " I have had some experience with you before." The same remark was shortly thereafter repeated, to which was added: " unless you are more circumspect about your conduct something worse than a refusal to withdraw a juror will happen to you." All this was concededly in the presence of the jury.

The statement concerning past experience of the court with the same lawyer was wholly unrelated to anything then occurring and served no purpose whatsoever in the conduct of the trial then pending. On the other hand, it surely was calculated to impress the jury with the unfavorable view of the court of counsel's general conduct and standing, a view which may fairly be regarded as tending to influence the jury's attitude toward the counsel's client.

Under the circumstances, and quite regardless of the merits of the case which presented a question of fact for the determination of the jury, we feel that the defendant may properly claim that its interests were prejudiced to such extent as to require a new trial. It is unfortunate that this wholly gratuitous burden should be inflicted upon the plaintiff, but the result is unavoidable.

Judgment reversed and new trial ordered, without costs of appeal to either party.

All concur; present, GUY, BIJUR and DELEHANTY, JJ.

Judgment reversed.